IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIAN DAWSON LESTER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1357-O (BH) |
| | § | |
| ALVIN LESTER, | § | |
|     Defendant. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order of Reference for Pretrial Management,* filed July 28, 2008, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is Plaintiff's *Motion for Default Judgment*, filed June 27, 2008 (doc. 24). Having reviewed the relevant filings and the applicable law, the Court recommends that the motion be **DENIED**.

**I. BACKGROUND**

On July 27, 2006, Plaintiff filed this *pro se* action against the defendant, her ex-husband, to enforce a final divorce decree. By order dated September 1, 2006, this Court granted Plaintiff leave to proceed *in forma pauperis*. (*See* Doc. 9.)

On May 24, 2007, this Court issued an order directing the USM to serve the defendant at the address provided by Plaintiff, i.e., the defendant's work address in Atlanta, Georgia, within thirty days and to file a proof of service. (*See* Doc. 17.) On June 15, 2008, the USM filed a return service indicating that the defendant had not been located, and that the service papers had been left with an individual at the defendant's place of employment. (*See* Doc. 20.)

On June 9, 2008, the Court issued an order directing Plaintiff to file a status report explaining whether she wished to proceed with the lawsuit and whether she would be filing a motion for default judgment since the defendant had been served but had not answered. Plaintiff filed the instant motion on June 27, 2008. (*See* Doc. 23.) On that date, Plaintiff also filed a *Certificate of Last Known Addresses* that listed a post office box for the defendant and the defendant's place of employment. (*See* Doc. 25.)

On July 10, 2008, the Court issued an order concluding that Defendant had not been properly served. (*See* Doc. 27 at 4.) The Clerk was ordered to reissue a summons to defendant and the USM was ordered to serve the summons and copy of the complaint upon defendant at the post office box identified by Plaintiff and to file proof of service. *Id.* at 5-6. The Court deferred consideration of the motion for default judgment until after the time for filing responsive pleading had expired. *Id.* at 6. Proof of service was filed on July 24, 2008, indicating that the summons had been returned unexecuted because the forwarding order was not valid. (*See* Doc. 30.)

On August 8, 2008, the Court issued another order directing the USM to serve the defendant within thirty days and file a proof of service, and to use due diligence in serving the defendant. (*See* Doc. 30.) On September 22, 2008, the USM filed a return service indicating that the defendant had been personally served in Hinesville, Georgia, on September 15, 2008. . (*See* Doc. 37.) The defendant filed his answer on October 7, 2008, twenty-two days later. (*See* Doc. 38.)

## II. ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which

default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55 (a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or Court for a default judgment after an entry of default. FED. R. CIV. P. 55 (b); *New York Life Ins.*, 84 F.3d at 141.

In this case, the defendant failed to plead or otherwise respond within the time required by Rule 12(a)(1)(A)(i), which provides that a defendant's answer must be served within twenty days after being served with the summons and complaint. Because the defendant was served on September 15, 2008, and the twentieth day thereafter fell on a Sunday, his answer was due on Monday, October 6, 2008. *See* FED. R. CIV. P. 6(a)(1)-(3). His October 7, 2008 answer was therefore technically late. However, a "party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fifth Circuit has held that default judgment as a sanction for the failure to respond to a summons is a drastic measure that should be employed only as a last resort. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Moreover, a federal court cannot enter a default judgment when the defendant has filed an answer, even if untimely. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962) (noting that the district court properly refused to grant default judgment for untimely filing of answer). Because the defendant

3

filed an answer on October 7, 2008, and no entry of default by the Clerk has occurred, the Court should deny Plaintiff's motion for default judgment.

### III. CONCLUSION

Plaintiff's *Motion for Default Judgment*, filed June 27, 2008 (doc. 24), should be **DENIED**.

**SO RECOMMENDED** on this 22nd day of October, 2008.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE